IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANTOS REYES ZAVALA,

                  *Petitioner*,

      v.

KRISTI NOEM, *et al*,

                  *Respondents*.

Civil Action No. 3:26-cv-212

Hon. William S. Stickman IV

## **ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1).  Petitioner, a citizen of India who is detained at the Cambria County Prison, illegally entered the United States in April of 2011. On July 19, 2025, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement Agents.  His removal proceedings remain ongoing, and he received an individualized bond hearing.  On January 30, 2026, although the immigration judge ("IJ") denied bond based on lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), he also denied bond because Petitioner failed to establish that he was not a danger to the community or flight risk.  (ECF Nos. 1-3 and 11-1).  Now, Petitioner wants the Court to overrule the IJ's bond decision and order his release, or, alternatively, grant him a new bond hearing.[1]  The Court will deny his petition for the following reasons.

---

[1] The Court joins the overwhelming majority of district courts in holding that 8 U.S.C. § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.  The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).  Petitioner's detention is governed by § 1226(a), and he has a statutory right to a bond hearing.

1

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The IJ's determination that Petitioner presents a danger to the community and flight risk is a basis for the legality of his custody. The Court has no jurisdiction to second guess or reconsider the IJ's decision. *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision ... regarding ... the denial of bond …."). While Petitioner argues that the IJ failed to consider certain evidence favorable to him (ECF No. 1), adjudicating these arguments would require the Court to assess the underlying discretionary bond determination itself. There is nothing before the Court that would lead to the conclusion that the bond hearing Petitioner received was constitutionally or statutorily deficient. The Court does not have jurisdiction to review the underlying discretionary decision by the IJ to deny Petitioner bond.

AND NOW, this 24th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE